IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT

| | | |
|---|---|---|
| IN THE INTEREST OF: L.J.B., A MINOR | : | No. 10 MAP 2018 |
| | : | |
| | : | |
| | : | Appeal from the Order of the Superior |
| APPEAL OF:  A.A.R., NATURAL | : | Court at No. 884 MDA 2017 dated |
| MOTHER | : | December 27, 2017 Vacating the |
| | : | Order of Clinton County Court of |
| | : | Common Pleas, Juvenile Division, |
| | : | dated May 24, 2017 at No. CP-18-DP- |
| | : | 0000009-2017 and remanding for |
| | : | further proceedings. |
| | : | |
| | : | ARGUED:  September 25, 2018 |

**DISSENTING OPINION**

JUSTICE MUNDY                                      DECIDED:  December 28, 2018

"The term 'child abuse' shall mean intentionally, knowingly or recklessly . . . [c]ausing bodily injury to a child through any recent act or failure to act."  23 Pa.C.S. § 6303(b.1)(1).  A recent act is defined as "[a]ny act or failure to act committed within two years of the date of the report to the department or county agency."  *Id.*, § 6303(a). Because Mother caused bodily injury to L.J.B. through a recent act, Mother perpetrated child abuse.  *Id.* (defining perpetrator as "[a] person who has committed child abuse as defined in this section").

The plurality concludes that "at the time the individual committed the act that caused or was reasonably likely to have caused bodily injury to a child, he or she must have been a 'perpetrator' as defined."  OAJC at 10-11.  Asserting that "[b]y reaching back to consider conduct while Mother was pregnant, the Superior Court failed to account for the fact that at any time prior to the birth of Child, Mother could not be a perpetrator of

child abuse because a perpetrator must be 'the parent of a child.'" I conclude that the individual is a perpetrator at the time the injury is manifested, not solely at the time of the act or failure to act that caused the injury. As the plain language of the statute states, child abuse is defined as "causing bodily injury." 23 Pa.C.S. § 6303(b.1)(1).

In a majority of cases the act and the resultant injury occur in close temporal proximity, such as when a child is injured through physical force. The instant facts, however, present a scenario where the act and the injury do not occur simultaneously. The facts in this matter more closely resemble neglect cases where the injury manifests at some point in time after the neglect as in cases of malnourishment from lack of food, or suffering from a severe diaper rash from failure to routinely change diapers. Child abuse by neglect is defined as "causing serious physical neglect to a child." *Id.*, § 6303(b.1)(7). When a malnourished child, or the baby suffering severe diaper rash are reported, the first determination made is whether the child has been abused. The inquiry then proceeds to ascertaining who perpetrated the abuse. The failure to provide food or change a diaper on one isolated occasion is not going to necessarily rise to an act of abuse, but the repeated failure to properly care for the child that causes serious physical neglect, is child abuse by definition. Similarly, when a person has caused a physical injury, they have committed child abuse, and they are the perpetrator.[1]

Determining whether a child is a victim of child abuse first requires a determination that there is abuse, followed by a determination of who perpetrated the abuse. *See In re L.Z.*, 111 A.3d 1164, 1165 (Pa. 2015) (examining "whether the child at issue in this case

---

[1] Admittedly, these are not completely analogous scenarios because the perpetrator would meet the definition of perpetrator throughout the duration of the neglect. The important component is that in this scenario child abuse is "causing serious physical neglect." The child abuse determination is triggered at the time the serious physical neglect manifests. Likewise, child abuse manifests when a serious physical injury is caused. At the time a serious physical injury occurred, Mother met the statutory definition of perpetrator, and child met the statutory definition of child. 23 Pa.C.S. § 6303(a).

suffered abuse and whether that abuse was perpetrated by his mother"). L.J.B. suffered bodily injury after birth when she began exhibiting withdrawal symptoms. The bodily injury L.J.B. suffered was a direct result of a recent act of Mother, the use of illegal narcotics. Therefore, Mother was the perpetrator of the abuse on L.J.B., after birth, notwithstanding the fact that she ingested the drugs prior to birth. Accordingly, Mother was "a parent of the child" and "caused bodily injury through a recent act." *See* 23 Pa.C.S. § 6303(a), (b.1)(1).

In my view, under the plain language of the statute, the Superior Court correctly determined Mother committed child abuse. Therefore, because I would affirm the Superior Court, I dissent.

Justice Todd joins this dissenting opinion.